[No. 560. Decided November 30, 1892.]

## R. J. BUTTS AND SAMUEL E. BUTTS, *Respondents*, v. B. W. ROBSON, *Appellant.*

CONVEYANCE — WHETHER DEED SHOULD BE CONSTRUED AS MORTGAGE — EVIDENCE — CONDITIONS SUBSEQUENT — FORFEITURE.

In an action to set aside a deed on the ground that it was merely a mortgage, one of the plaintiffs testified that it had been given as part security for a loan at the same time that a mortgage was executed on 209 acres to secure a loan of $800, while the defendant testified that the four acres were deeded to him as a bonus for the loan on the other 209 acres. The evidence showed that the 209 acres were but scant security for the loan; that the four acres were of but little value; that the note and mortgage were made payable in one year, while according to the plaintiff's testimony the defendant had agreed to erect a cannery upon the four acres within three years, in which the family of plaintiffs could find employment. *Held*, That the deed was intended by all parties as a conveyance and not a mortgage.

The failure of a grantee to perform certain conditions subsequent, which were part of the consideration for a conveyance, will not work a forfeiture where the failure is due to the acts of his grantors or their successors in interest.

*Appeal from Superior Court, Pacific County.*

*John H. Smith*, and *J. Bruce Polworth*, for appellant.

*Page & Hamilton*, for respondents.

The opinion of the court was delivered by

STILES, J.—Counsel for respondents not only made no objections to the statement of facts as proposed by the appellant, or to its settlement by the court, but also file a stipulation under the terms of which they are so bound that we consider them estopped to raise any objection that the statement was not settled within the proper time, and their motion to strike and dismiss is, therefore, denied.

In 1886, one of the respondents in this action, Mrs. R. J. Butts, and her husband, W. W. Butts, were the owners of 213 acres of land bordering upon the Columbia river, in Pacific county, and on the 5th day of June in that year, pursuant to negotiations theretofore made with appellant, they borrowed from the latter the sum of eight hundred dollars, to be used by them in paying off a certain judgment upon which an execution had been levied upon their land. To secure their new debt to the appellant they gave him their note and mortgage payable in one year from that date, and included therein all their land, excepting four acres. At the same time and place, and as part of the same transaction, they executed to Robson a warranty deed for the four acres not included in the mortgage for an expressed consideration of five dollars. Subsequently, but not within the specified year, the mortgage was paid off, and the land covered by it released.

In 1890 W. W. Butts died, and this action was brought by Mrs. Butts, and her son, Samuel E. Butts, to set aside the deed for the said four acres upon two grounds: (1) That the deed was merely intended as a part of the security given to the appellant for his advance of money, and, therefore, only a mortgage; (2) that the deed had been procured by appellant on the strength of his statement that he desired the land for the purposes of a fish cannery, which he expected to erect within three years from the date of the

deed, and upon his promise that when the cannery was erected he would give Butts and his family certain employment about the premises.

The court below has found that this land was not the property of Butts and wife, but was the property of Mrs. Butts, and has decreed the appellant to convey to her.

The proof showed that at the time of the conveyance the Butts family were in sore straits for money to pay off the judgment which was a lien upon their land; that the land was barely sufficient security for a loan of eight hundred dollars, and would not have been sufficient for that purpose without the timber standing thereon; and appellant claimed that as a condition precedent to a loan by him, and as a bonus for the loan, he demanded, and they gave to him, an absolute deed for the four acres. There was but one witness for the plaintiffs, on the main question in the case, who appears to have been entitled to any credit whatever, namely, Mrs. Butts. And on the side of the defendant the only witness was the defendant himself. These witnesses contradict each other in many material points, and from their statements alone it would be impossible to declare which was right. But from the other circumstances which are arrayed, it seems perfectly clear that the contention of the appellant is correct, that it was well understood between the parties that the deed for four acres was to be given as a bonus for the loan. That was the present consideration. There was also a further consideration operating upon the grantors, namely, the expressed intention of the grantee to erect a fish cannery from which the Butts family would indirectly derive some advantage. But the proposition to build a cannery was merely casual talk, and was not a proposition held out by the appellant to induce respondents to give him the deed. The idea that the deed was given as additional security for the loan is absurd on its face. Butts and wife were the owners of the entire 213

acres, and were making a mortgage to secure the loan. No plausible reason has been suggested, nor, we think, can such be suggested, why under such circumstances the mortgage should not have covered the entire 213 acres, instead of only 209 acres, leaving the other four acres to be incumbered in a totally useless manner by a warranty deed. The unreasonableness of the proposition is further made manifest by the fact that, although the note was made payable in one year, it is said the time for erecting a cannery was not to expire for three years. The four acres were, at the date of the deed, of some greater proportional value than the rest of the tract for the reason that they bordered upon the Columbia river, but their value was not to exceed one or two hundred dollars. While, therefore, it may be said that the appellant drove a hard bargain with people who sought to borrow his money, in that he exacted this bonus over and above the interest provided for, we are confident that the contract was understood by all parties, and should stand as made unless it be clearly shown that some unconscionable advantage was taken.

Respondents claim that prior to the conveyance there was some relation of trust and confidence between the parties, but there is no evidence of any such thing. Appellant was a pushing business man of large experience, and both advised and assisted the Butts family in business ways. But there is no evidence whatever that he sought or took any unfair advantage of any position which he occupied towards them.

It is also said that Butts and his wife were illiterate, and this contention goes as far as the production of one witness who swears that neither of them could either read or write. But the unreliability of such testimony is abundantly shown by the fact that the deeds are signed by both husband and wife, and there are in the record several letters written by Mrs. Butts containing language and in a handwriting which

show that she was deficient in neither understanding nor education.

The point is made also upon the fact that no actual money consideration was paid for the deed. But there was a valuable consideration as we have seen; and even if it were true that no consideration whatever passed between the parties, it by no means follows that the appellant should be required to reconvey the land after a lapse of upwards of four years, the grantors having been persons of mature age, and of at least ordinary business capacity.

There seems to be no doubt but that ever since the date of the deed these four acres have not been in the actual occupancy of the appellant, and the respondents have made more or less use of it with his assent. But there is no evidence that appellant has ever waived any right which he acquired to its possession by virtue of the deed.

Since the commencement of this litigation the respondents have considered themselves safe in erecting a building upon the land, and seek to charge the appellant with some *laches* in connection therewith. It is admitted that he knew that the building was being erected, but it is also clear that he warned the respondents that they were doing what they did at their own risk, and if any loss is to accrue from the erection of the building there is no rule of law which would charge the loss upon him. The last ground for complaint is, that the cannery has not been built as was promised by appellant. If it were clear that the whole consideration for the conveyance was the promise to erect a cannery within a definite time, and that time had passed with nothing done to fulfill the promise, without any fault or interference on the part of the grantor, there would be some force to the claim that the consideration failed, and that the land should be reconveyed, but in this case, aside from the fact that the real consideration was the present loan of eight hundred dollars rather than the erection of a

cannery, it clearly appears that appellant did in good faith intend to erect his cannery, and would probably have done so but for the proposition made by Butts to obtain a reconveyance to himself of the land for an exchange to be made with his father for other land at another place.    The delays consequent upon this matter and the beginning of this litigation have caused the erection of the cannery to be postponed until the question of title should be settled.

On the whole, the case as presented has the appearance of one where there was a voluntary conveyance of an insignificant tract of land of little supposed value at the time as a make-weight to a somewhat risky loan; but the lapse of time and the advent of a townsite boom in the neighborhood have caused the grantors to conceive a covetous second thought for their lost heritage.

Let the judgment be reversed and the action dismissed.

ANDERS, C. J., and HOYT, DUNBAR and SCOTT, JJ., concur.